UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL ALLEN,

                Plaintiff,

    v.

ZECHARIAH CLIFTON DAMERON IV, *et al.*,

                Defendants.

No. C14-1263RSL

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      This matter comes before the Court on "Plaintiff's Motion for Summary Judgment" (Dkt. # 29) and "Defendants' Motion for Summary Judgment" (Dkt. # 36). Plaintiff alleges that he was owed unpaid wages, benefits, and a severance payment at the time his employer, Advanced Interactive Systems, Inc. ("AIS"), filed for Chapter 7 bankruptcy protection. He has asserted a Washington Rebate Act claim against defendants seeking to recover the principal amount of $84,175.21 plus exemplary damages and prejudgment interest. Defendants Daniel Standen and Zechariah Clifton Dameron IV were members of AIS' Board of Directors during the relevant period.

      Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

1  responsibility of informing the district court of the basis for its motion" (Celotex Corp. v.
2  Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that
3  show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving
4  party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to
5  designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S.
6  at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . .
7  and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723
8  F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the trier of fact genuine
9  issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere
10 existence of a scintilla of evidence in support of the non-moving party's position will be
11 insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049
12 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes
13 whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a
14 motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014).
15 In other words, summary judgment should be granted where the nonmoving party fails to offer
16 evidence from which a reasonable fact finder could return a verdict in its favor.
17 FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

   Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to the non-moving parties, the Court finds as follows:

   Plaintiff was the interim Chief Financial Officer of AIS between April 2010 and March 2013. His offer of employment included "$5,769.23 USD paid bi-weekly," "a bi-weekly allowance of $1,938.47," and "three months pay in lieu of notice as a conditioned [sic] for a complete release" if plaintiff's employment were involuntarily terminated for anything other than gross misconduct. Dkt. # 30-2 at 38. In December 2011, plaintiff agreed to a reduction of

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -2-

his bi-weekly salary to $4,807.69, with the understanding that the reduction would not affect the calculation of his severance package if he were involuntarily terminated.

By February 2013, AIS' financial situation had become dire, and the Board unanimously voted to prepare the company for a Chapter 7 bankruptcy filing. When AIS' requests for additional financing from its secured lender were refused, the remaining Board members discontinued AIS' operations and instructed plaintiff to terminate all employees who were not involved in the Chapter 7 filing. On March 13, 2013, plaintiff provided the Board with information regarding AIS' on-going wage and benefit obligations. With regards to the pay period that had ended on March 10, 2013, plaintiff notified the Board that he was owed net wages of $3,565.00. Dkt. # 31-1 at 37.[1] Plaintiff also listed the wage obligations that AIS would incur if it went ahead with its plan to seek bankruptcy protection. With regards to the pay period that would end on March 24, 2013, plaintiff listed for himself a net wage obligation of $73,106.00. Dkt. # 31-1 at 37. This amount reflected one week's wages, the promised severance payment, reimbursement for unused vacation days, and "Other" wages of $1,923.08, less taxes, withholdings, and a salary advance. Dkt. # 31-1 at 48-52.[2] The regularly scheduled pay dates for

---

[1] Plaintiff's gross wages of $7,613.06 were reduced by taxes/withholdings and a salary advance taken against the March 10th payroll. Dkt. # 31-1 at 46.

[2] In his motion, plaintiff seeks an award of $84,175.21. The Court has been unable to replicate that calculation. Based on the documents submitted, it appears that plaintiff was owed $73,912.22 at termination as follows:

```
    $ 6,664.74 for 80 hours of unpaid wages in the pay period ending March 10
+   $ 1,896.64 for 32 hours unpaid wages in the pay period ending March 24
+   $   775.39 in prorated stipend for the pay period ending March 24
+   $50,000.00 in severance pay
+   $18,966.40 in unused vacation pay (320 hours at $59.27/hour)
    --------------
    $78,303.17
```

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT            -3-

these pay periods were March 15, 2013, and March 29, 2013.

On March 14, 2013, the Board allocated AIS' last dollars to payroll expenses and filed for bankruptcy protection. Plaintiff did not receive any part of this allocation. The filing of the bankruptcy petition immediately terminated the employment of the remaining AIS employees, including plaintiff. He now seeks to recover all wages that were earned prior to the termination.

Under Washington law, "[a]ny . . . officer, vice principal or agent of any employer . . . who . . . [w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" "shall be liable in a civil action by the aggrieved employee . . . for twice the amount of the wages unlawfully . . . withheld . . . together with costs of suit and a reasonable sum for attorney's fees . . . ." RCW 49.52.050 and RCW 49.52.070. The dispositive issue in this case is whether defendants wilfully and intentionally deprived plaintiff of wages that were not yet due and owing when defendants' employment with AIS ended on March 14, 2013. The Court finds that they did not.

It is plaintiff's burden to show that the individual defendants "[w]ilfully and with intent to deprive the employee of any part of his . . . wages" refused to pay plaintiff what he was owed in violation of RCW 49.52.050. With regards to plaintiff's claim for unused vacation pay and a severance payment, it is undisputed that plaintiff had no right to those amounts until his employment with AIS terminated. The termination was caused by the filing of the bankruptcy petition on March 14, 2013, which simultaneously terminated both plaintiff's and defendants' employment with AIS. Thus, when plaintiff's claim to over $75,000 in severance and vacation pay accrued, defendants had no power or authority to decide whether to pay or not to pay: in

---

```
less    $ 1,896.66 salary advance against the pay period ending March 10
less    $ 2,494.29 salary advance against the pay period ending March 24
        --------------
        $73,912.22
```

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT        -4-

fact, they were no longer officers, vice-principals, or agents of the employer. Because the touchstone of personal liability under the Wage Rebate Act ("WRA") is that the defendant have and exercise control over the refusal to pay wages (Ellerman v. Centerpoint Prepress, Inc., 143 Wn.2d 514, 521 (2001)), defendants cannot be held personally liable for the failure to pay wages that were neither "earned" nor due at the time they left the company.

Whether defendants are liable for wages that were earned prior to the Chapter 7 filing date but not yet due and owing on the March 14, 2013, is a closer question. The goal of the WRA is to protect employees by ensuring "payment . . . of wages they have earned." Schilling v. Radio Holdings, Inc., 136 Wn.2d 152, 159 (1998). But while earning wages makes the employer liable for the obligation, it is not enough to trigger personal liability or double damages under the WRA. Wages generally accrue on a daily basis (as did plaintiff's here), yet there is no wilful or intentional deprivation simply because the wages are not paid at the end of each day. The only reasonable construction of the statute is that, except in unusual circumstances, an unlawful withholding occurs only if the employer fails to pay wages when they become due and owing on the regularly scheduled pay date.

Plaintiff, relying on Morgan v. Kingen, 166 Wn.2d 526 (2009), argues that defendants are personally liable for wages that accrued prior to the Chapter 7 filing date even though the wages were not due and owing until after the filing. There is certainly language in Morgan that supports such an argument. The defendants in that case, Kingen and Switzer, were the CEO and CFO of Funsters Grand Casino, Inc., when the company voluntarily sought bankruptcy protection under Chapter 11. Kingen and Switzer operated the casino as debtor-in-possession and chose to continue operations. At some point they stopped paying their employees, allowing unpaid wages to accrue for two pay periods. The bankruptcy court held a hearing at which it gave Kingen and Switzer the opportunity to infuse additional capital into the company and make good on the wage claims. Defendants refused, and the bankruptcy court converted the matter to a Chapter 7 liquidation, seizing all of Funsters' remaining assets. No wages were paid in the bankruptcy

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT         -5-

proceeding, and the employees filed a class action lawsuit.

The Supreme Court was factually and legally unimpressed by defendants' argument that they could not be held liable because the conversion deprived them of the power to pay wages as they became due. As a factual matter, the court noted that one of the pay periods had ended well before the conversion date. 166 Wn.2d at 535 n.1. The court noted that even if the actual pay dates were after defendants lost control of Funsters' assets, that fact was legally insignificant because the wages had been earned prior to the Chapter 7 conversion and Funsters lacked adequate cash to pay the wages at the time. 166 Wn.2d at 536 and 535 n.1. The court found that "bankruptcy of the corporation is not a means to escape personal liability by those who failed to pay wages owed" and justified the imposition of liability on the ground that Kingen and Switzer had made a number of business decisions that had left the company unable to make payroll at the time of the conversion.

The Morgan court did not squarely address the fact that Kingen and Switzer had lost the ability to pay at least some of the wages by the time they came due. Instead, it focused on the moment when defendants were given the "opportunity to infuse capital sufficient to satisfy its debts (to include wages owed) and keep operating Funsters. Kingen and Switzer refused. . . . This act of refusal is a willful business decision by Kingen and Switzer that caused the wages owed to remain unpaid. Because Kingen's and Switzer's failure to pay wages owed was willful, they are personally liable." 166 Wn.2d at 537. In Morgan, the defendants made a specific, wilful, and intentional decision to not pay back wages. Such a volitional act is required by both the statute and prior case law and is missing in this case. Morgan goes on, however, to hold Kingen and Switzer personally liable because they made other, non-wage decisions that ultimately led to the insolvency. The Court finds this part of the analysis unpersuasive in that it conflicts with both the language of the statute and prior decisions of the Washington Supreme Court. The Morgan court made no attempt to explain how the non-wage decision to "hire too many employees," for example, is akin to wilfully and intentionally paying an employee less than is

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT            -6-

owed for purposes of RCW 49.52.050. The analysis also flies in the face of cases such as Ellerman which stand for the proposition that the statute requires more than a finding that the defendant had the power to control the employer's business decisions and ultimately affected the company's ability to pay wages. 143 Wn.2d at 521-22.

> Although the wage withholding statutes . . . are to be liberally construed to protect wages of employees and to assure payment, holding any person who manages the daily operations of a business liable under the statute, even if they do not have the individual authority to pay the actual wages, does not appear to us to further the intent of the Legislature. We think it is reasonable to conclude it intended to impose personal liability only on vice principals who directly supervise or control the payment of wages.

Id. Here, defendants did not have the authority to pay plaintiff's wages on the date they came due. Nor did they make a specific decision to withhold or, as was the case in Morgan, refuse to pay the wages that had already been earned. While AIS' Chapter 7 bankruptcy filing ultimately had that effect, there was no wilful and intentional deprivation of plaintiff's wages for purposes of the WRA.

For all of the foregoing reasons, plaintiff's motion for summary judgment (Dkt. # 29) is DENIED and defendants' motion for summary judgment (Dkt. # 36) is GRANTED. Plaintiffs' claims against defendants Standen and Dameron are hereby DISMISSED with prejudice.

Dated this 3rd day of March, 2016.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT            -7-