UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
            )
MICHAEL ALLEN,            )
            )    No. C14-1263RSL
            Plaintiff,        )
    v.            )    ORDER VACATING JUDGMENT
            )    AND CERTIFYING QUESTIONS TO
ZECHARIAH CLIFTON DAMERON IV,    )    THE WASHINGTON SUPREME
*et al.*,            )    COURT
            )
            Defendants.    )
_____)

This matter comes before the Court on "Plaintiff's Motion for Reconsideration and to Alter Judgment." Dkt. # 72. On March 3, 2016, the Court dismissed plaintiff's claims for unpaid wages on the ground that defendants – former directors of plaintiff's employer – could not be held liable under Washington's Wage Rebate Act ("WRA") because the wages were not yet due and owing when defendants' employment was terminated. Plaintiff argues that the Court manifestly erred by (1) rejecting the Washington Supreme Court's "definitive interpretation" of the WRA and (2) failing to *sua sponte* certify the controlling state law issue under RCW 2.60.020. Dkt. # 76 at 4.

The parties filed cross-motions for summary judgment regarding the state law issues raised by plaintiff's complaint. Neither party sought certification regarding the pay date issue, and the matter was decided on the merits against plaintiff. There is a presumption against

ORDER VACATING JUDGMENT AND
CERTIFYING QUESTIONS TO THE
WASHINGTON SUPREME COURT

certification in these circumstances. Thompson v. Paul, 547 F.3d 1055, 1065 (9th Cir. 2008). Otherwise, litigants would have an incentive to gamble on a favorable ruling and then ask for certification if an adverse determination were made. Hinojos v. Kohl's Corp., 718 F.3d 1098, 1108-09 (9th Cir. 2013). Plaintiff suggests that the presumption is inapplicable here because he was sure the Court would agree with his interpretation of the governing case law and therefore could not have foreseen the need to request certification. Dkt. # 76 at 3-4. Defendants had contested their liability from the beginning of the case, however, arguing that plaintiff's interpretation of the WRA was novel and that they had no ability or responsibility to pay amounts that were due only after the corporation filed for bankruptcy protection. Plaintiff may have miscalculated his odds, but he gambled on summary judgment and lost. Plaintiff should have and could have sought certification prior to the Court's ruling.

The Court also rejects plaintiff's contention that it had an obligation to *sua sponte* consider the appropriateness of certification once it identified a conflict in the governing case law. Plaintiff's reliance on Centurion Props. III, LLC v. Chicago Title Ins. Co., 793 F.3d 1087 (2015), for that proposition is misplaced. Certification is a matter within the sound discretion of the court. The district court in Centurion, like the undersigned, ruled upon legal issues that had been presented by the parties on summary judgment. After canvassing the relevant case law, the Ninth Circuit concluded that it could not accurately predict how the Washington Supreme Court would rule on the matter and therefore exercised its own discretion to certify under RCW 2.60. The appellate court did not find that the district court abused its discretion or committed reversible error when it failed to *sua sponte* determine whether certification was appropriate.

Nevertheless, the Court finds that certification of the state law issues to the Washington Supreme Court is warranted in the circumstances presented here. Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law

ORDER VACATING JUDGMENT AND
CERTIFYING QUESTIONS TO THE
WASHINGTON SUPREME COURT            -2-

has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." The certification process serves the important judicial interests of efficiency and comity: as noted by the United States Supreme Court, certification saves "time, energy and resources and helps build a cooperative judicial federalism." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).

This matter involves dispositive issues regarding the interpretation of the WRA and a seeming inconsistency in the relevant case law, particularly Morgan v. Kingen, 166 Wn.2d 526 (2009), and Ellerman v. Centerpoint Prepress, Inc., 143 Wn.2d 514 (2001). The Court attempted to synthesize the competing strains and make a prediction of how the state's highest court would rule given this particular fact pattern, but the input of the Supreme Court will ensure that this case proceeds to judgment (and through any appeal) on a firm legal footing. Despite the fact that the Court has already expended "time, energy and resources" considering these issues, comity suggests that this matter should be presented for expedited review pursuant to RCW 2.60.020. In addition, forcing plaintiff to request certification on appeal would simply cause additional delay in obtaining a definitive ruling on the state law issues.[1]

For all of the foregoing reasons, the following questions are hereby certified to the Supreme Court of Washington:

> Is an officer, vice principal or agent of an employer liable for a deprivation of wages under RCW 49.52.050 when his or her employment with the employer (and his or her ability to control the payment decision) was terminated before the wages became due and owing?
>
> Does an officer, vice principal, or agent's participation in the decision to file the Chapter 7 bankruptcy petition that effectively terminated his or her employment

---

[1] Although judgment was entered in this matter on March 4, 2016, no appeal has been filed, and this Court retains the power to grant the relief sought in plaintiff's motion. Fed. R. App. P. 4(a)(4)

ORDER VACATING JUDGMENT AND
CERTIFYING QUESTIONS TO THE
WASHINGTON SUPREME COURT            -3-

and ability to control payment decisions alter the analysis? If so, how?

The Clerk of Court is directed to submit to the Supreme Court of Washington certified copies of this Order, a copy of the docket in the above-captioned matter, and Dkt. # 1, 29-38, 44-51, 53-57, 68-69, 72, and 74-76. The record so compiled contains all matters in the pending cause deemed material for consideration of the state law questions certified for answer.

The plaintiff in this action is designated as the appellant before the Supreme Court of Washington. The Clerk of Court shall notify the parties as soon as possible, but no more than three days, after the above-described record is filed in the Supreme Court of Washington. The parties are referred to state RAP 16.16 for additional information regarding procedure before the Supreme Court.

Plaintiff's motion for reconsideration and to alter judgment (Dkt. # 72) is GRANTED. The judgment entered on March 4, 2016, is hereby VACATED.

Dated this 22nd day of April, 2016.

Robert S. Lasnik
United States District Judge